# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WAYNE M. REAVIS II | CIVIL ACTION |
| VERSUS | NO. 19-13627 |
| SHERIFF JACK STRAIN, ET AL. | SECTION "T"(4) |

## ORDER AND REASONS

The plaintiff, Wayne M. Reavis, II ("Reavis"), filed a **Motion to Reconsider Pauper Status (Rec. Doc. No. 9)**. This motion and the underlying pauper application are non-dispositive pretrial matters that are referred to the undersigned United States Magistrate Judge pursuant to Local Rule 72.1(B)(1) and 28 U.S.C. § 636(b)(1).

On March 9, 2020, the Court denied Reavis's request for pauper status because, despite the Clerk's Notice of Deficiency and this Court's prior Show Cause Order, he failed to submit "a certified copy of the trust fund account (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint" as required by 28 U.S.C. § 1915 (a)(2). Rec. Doc. No. 8. The documents he attached to his current motion reflect his current account balance and summary of his usage (without dollar amounts) and do not provide the average six months deposits and balance information necessary for the Court to rule. He has still failed to provide the required certification of his inmate account.

In addition, even if Reavis could provide the requisite certification, he is not entitled to proceed as a pauper. Pursuant to 28 U.S.C. § 1915(g), a prisoner, like Reavis, shall not be allowed to bring a civil action pursuant to 28 U.S.C. § 1915 if he has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on grounds that it was frivolous, malicious, or failed to state a claim for which relief can be granted, unless the prisoner is under imminent danger of serious

physical injury. Reavis is a frequent litigant in this federal court and has filed numerous civil actions while incarcerated. The Court's records establish that at least three of his prior §1983 complaints were dismissed as malicious, frivolous and/or for failure to state a claim upon which relief could be granted, including the following: *Wayne Michael Reavis, Jr. v. State of Louisiana*, No. 16-16426 "F"(1) (E.D. La. 2016); *Wayne Michael Reavis, Jr. v. State of Louisiana "Workers" St. Tammany Sheriff,* No. 16-1692 "F"(5) (E.D. La. 2016); and *Wayne Michael Reavis, Jr. v. James LeBlanc, et al.*, No. 12-2261 "N"(5) (E.D. La. 2012). He has accumulated three "strikes" under § 1915(g) and is prohibited from proceeding as a pauper.

Reavis, therefore, may not proceed as a pauper in this action unless he fits within the limited exception under § 1915(g), which applies to prisoners "under imminent danger of serious physical injury." Reavis has not alleged, nor does his complaint demonstrate, that he is in imminent danger of serious physical injury. Consequently, Reavis is not entitled to proceed *in forma pauperis* even if he provides the Court with a properly completed certification of his inmate account. Accordingly,

**IT IS ORDERED** that Reavis's **Motion to Reconsider Pauper Status (Rec. Doc. No. 9)** is **DENIED**.

New Orleans, Louisiana, this  20th  day of March, 2020.

_____
**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**